In the Matter of the Judicial Settlement of the Account of PETER A. ENGELSON and JAMES MITCHELL, Administrators, etc., of MARGARET MITCHELL, Deceased.

PETER A. ENGELSON, Acting Administrator, Respondent, v. JAMES MITCHELL, Only Next of Kin, Administrator, Not Acting, Appellant.

*Surrogate's decree directing the deposit of money passing to one of the next of kin whose residence is unknown — inquiry required before the decree will be modified so as to direct the payment thereof to the other next of kin.*

The whereabouts of one of the two brothers of a decedent, who constituted her only next of kin and heirs at law, being unknown, the surrogate, upon the accounting of the administrator, directed that one-half of the money in his hands should be paid to the brother who had appeared, and that the remaining one-half should be deposited with the city chamberlain to the credit of the brother who had not appeared if the latter was not found within two years after the entry of the decree.

Upon an application subsequently made by the brother who had appeared for a modification of the decree, on the ground that the brother who had not appeared had died without leaving issue and that the petitioner was the sole next of kin, the affidavits showed that advertisements and letters of an attorney were answered from San Francisco by a man claiming to be the brother who had not appeared; that the attorney replied, requesting further means of identification, but that nothing beyond this was done.

*Held,* that an order denying the motion to modify the decree should be affirmed;

That it was incumbent upon the brother who had appeared to push the inquiry to San Francisco and ascertain, at the address given in the letters written in answer to the advertisements, the identity of the person who wrote such letters.

APPEAL by James Mitchell, one of the administrators, not acting, and sole surviving next of kin of Margaret Mitchell, deceased, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 11th day of September, 1903, denying the appellant's motion to modify the decree of said Surrogate's Court, bearing date the 15th day of May, 1902, settling the accounts of the administrators herein and also from said decree.

*Frank Moss,* for the appellant.

*John T. Fenlon,* for the respondent.

O'Brien, J.:

Margaret Mitchell, unmarried, died on April 4, 1900, in the city of New York. Her only next of kin and heirs at law are her brothers James and William Mitchell. William Mitchell left for California in 1863 and his whereabouts are unknown. Upon the accounting of the administrator of the deceased it appeared that there was in his hands the sum of $8,130.27, of which he was ordered to pay one-half to James Mitchell and the other half to William Mitchell, "or in case said William Mitchell be not found within two years after the entry of the decree," then his share to the city chamberlain to his credit. William Mitchell did not appear and was not heard from, and James Mitchell in February, 1903, applied to the surrogate for a modification of the decree, claiming that William had died without leaving issue and that he is the only next of kin of Margaret and William Mitchell. This application was denied, and it is from the order denying such relief that James Mitchell appeals.

Apart from the first statement made by James Mitchell that his brother William when he left New York for the west had a wife and child, and assuming that in his subsequent affidavit he explains this satisfactorily by showing that the statement was made through mistake and inadvertence, there is still an important subject as to which inquiry has not been exhausted, namely, whether William Mitchell is alive, and upon that ground the learned surrogate was right in refusing to allow the money to be turned over to James Mitchell.

In response to the advertisements and letters of the attorney, we have answers purporting to be from a man who claims he is William Mitchell to whom the money belongs, which answers were sent from San Francisco, Cal. The attorney replied requesting further means of identification, but beyond this nothing was done. We think it was incumbent upon the one seeking to obtain the money to push the inquiry to San Francisco where the response came from and to ascertain at the address therein given more about the identity of the person who wrote the letter. This could be done either by sending to someone there a letter of instructions who could return the necessary proof as to whether such person was the real William Mitchell or one who attempted to palm himself off as such; or an order could be obtained from the Surrogate's Court to show cause why the money should not be paid out to James Mitchell as next of kin, and

such order could be served upon the person who signed himself " William Mitchell " in the letter received.

The order is accordingly affirmed, with ten dollars costs and disbursements, but with leave to renew the application before the surrogate upon additional proof.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to renew application before the surrogate upon additional proof.